UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA A. RYALS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-10(CEJ) |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review of an adverse ruling by the Social Security Administration.

### I. Procedural History

On November 8, 2010, Laura A. Ryals filed an application for supplemental security income, Title XVI, 42 U.S.C. §§ 1381 *et seq.* (SSI), with an alleged onset date of September 1, 1990.[2] (Tr. 28-31). Plaintiff's application was denied both on initial consideration and reconsideration, based on a finding that she had resources in excess of $2,000. (Tr. 47-52, 110-12). Plaintiff requested a hearing from an Administrative Law Judge (ALJ). (Tr. 113).

Plaintiff appeared for a hearing on May 19, 2011. (Tr. 134-44). The ALJ issued a decision denying plaintiff's application on May 26, 2011. (Tr. 10-12). The Appeals Council denied plaintiff's request for review on November 1, 2012. (Tr. 2-5). Accordingly, the ALJ's decision stands as the Commissioner's final decision.

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), she is substituted for Michael J. Astrue as the defendant in this case.

[2]Plaintiff previously received supplemental security income benefits. (Tr. 10).

## II. Evidence before the ALJ

The ALJ found that plaintiff owned real estate in Camden County, Missouri, that had a value in excess of the allowable limit.

In June 2009, an amended divorce decree disposed of property between plaintiff and her ex-husband. Plaintiff was awarded a two-acre parcel in Camden County valued at $5,000. No mortgage was listed. She was also awarded the home she lived in, two additional residential properties, and a timeshare in Florida.

In her SSI application filed in November 2010, plaintiff listed all the properties she was awarded in the 2009 divorce. Plaintiff stated that she had signed the two additional residential properties over to her daughter at no cost,[3] and that she no longer owned the timeshare because she had stopped making payments. She still owned the Camden County property, which she stated had a value of $500, a tax assessed value of $500, and a mortgage payment of $115. (Tr. 29-30).

Property records show that in 2008, 2009, and 2010, the Camden County property[4] had a market land value of $13,000, a market improvement value of $200, and an assessed value of $2,510. (Tr. 61, 65, 71-72). A real estate tax receipt for the tax year 2010 also lists the assessed value of the property as $2,510, and shows that plaintiff paid $102.58 in taxes. (Tr. 133A).

---

[3]A LexisNexis property report shows the entry of a quit claim deed transferring one of the residential properties from plaintiff to her daughter Melanie Mild in September 2010. (Tr. 53). At the time of plaintiff's divorce in June 2009, the property was valued at $100,000. (Tr. 21).

[4]The property records state that the Camden property consists on one acre, not two. There is no evidence in the record concerning when and for how much plaintiff disposed of the additional acre she was awarded in the divorce.

Plaintiff appeared at the May 19, 2011, hearing without a lawyer. She signed a waiver of her right to be represented; when the ALJ asked her whether she wanted to delay the hearing to obtain representation, she stated that she wanted to proceed without a representative. (Tr. 133, 137). She had brought her 18-year-old daughter Melanie Mild with her as support.[5] (Tr. 139-40). Ms. Mild testified that she had previously lived in a trailer on the property. Plaintiff denied that there was ever a trailer on the property. (Tr. 141).

Plaintiff testified that the Camden property was "less than an acre. It's just land. And I pay $155 for taxes a year." Contrary to her statement in her application, she testified that she did not have a loan on the property. She opined that, following the crash in the real estate market, the land was worth less than $500. (Tr. 137-39). She did not identify any basis for her opinion. She also stated that in December 2010 the property was valued at $2,000 for property tax purposes. (Tr. 138, 142). As stated above, the tax assessed value of the property was $2,510.

In the decision entered on May 26, 2011, the ALJ found that plaintiff's assertions concerning the value of the Camden property were not fully credible and that the property exceeded $3,000 in value. Three thousand dollars represents the resource limitation for an individual with a spouse. 20 C.F.R. §416.1205(c). Plaintiff was unmarried at the time and the correct limitation is $2,000. Id.

### III. Legal Standard

---

[5]Their was some confusion as to whether Ms. Mild was present as her mother's representative, a witness, or for support. See Tr. 139 (plaintiff states she understood she could have someone come and represent her and she brought her daughter to act "like a lawyer"); 140 (When asked whether she is there as representative or witness, Ms. Mild answers "Most likely probably like a witness. I don't know); 142 (plaintiff states, "I just want her here for support.")

The ALJ's findings will be affirmed if supported by substantial evidence on the record as a whole. Gladden v. Callahan, 139 F.3d 1219, 1222 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002) (quoting Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001)). The ALJ's legal conclusions are reviewed *de novo.* Carlson v. Astrue, 604 F.3d 589, 592 (8th Cir. 2010).

## IV. Discussion

The sole issue before the Court is whether the ALJ properly found that the value of the Camden property exceeded the allowable limit for an individual. Plaintiff argues that the ALJ erred by relying on the value assigned by the local taxing authority and by failing to consider the salability of the property and the expenses necessary to complete a sale.

Under the Social Security Act, an individual is eligible for SSI benefits if (i) she is aged, blind, or disabled and (ii) her countable income and resources fall below $2,000. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.1205(c) (setting limit for individuals not residing with spouse). An individual's home is not considered a countable resource. 29 C.F.R. § 416.1210(a); § 416.1212(b).

The Social Security Administration defines resources as:

> cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance. If the individual has the right, authority or power to liquidate the property . . ., it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

§ 416.1201(a)(1). Nonliquid resources, including land, are "evaluated according to their equity value." § 416.1201(c)(1). "The equity value of an item is defined as: (i)

[t]he price that [the] item can reasonably be expected to sell for on the open market in the particular geographic area involved; minus (ii) [a]ny encumbrances." 20 C.F.R. § 416.1201(c)(2).

Substantial evidence supports a finding that the value of the land in 2010 exceeded the allowable resource limit of $2,000. According to public records, the market value of the land in 2010 was $13,000, with a value of $2,510 for tax assessment purposes. (Tr. 58; 133A). There was no evidence of any mortgage, tax lien, or other encumbrance on the property to be subtracted from the value of the land. The only evidence that the land's value was below $2,000 came from plaintiff's unsupported testimony. The ALJ rejected her testimony as not credible, a finding that plaintiff does not challenge.

Plaintiff argues that the ALJ failed to consider whether the property could be sold and at what price. The regulations make provision for unsalable property: Property is not a countable resource "so long as the individual's reasonable efforts to sell it have been unsuccessful." 20 C.F.R. § 416.1245(b). "Reasonable efforts to sell property consist of taking all necessary steps to sell it in the geographic area covered by the media serving the area in which the property is located, unless the individual has good cause for not taking these steps." § 416.1245(b)(3). An individual takes "necessary steps" by listing the property or undertaking to sell the property herself. Id. An individual will be found to have "good cause" for failing to make reasonable efforts to sell if she was prevented from doing so "by circumstances beyond his or her control." Here, there is no indication that plaintiff undertook the necessary steps to sell the property or was prevented from doing so by circumstances beyond her control. Indeed, there is no evidence that she desired to sell the property.

With respect to plaintiff's contention that there is no evidence regarding a probable sale price for the property, it is reasonable to conclude that "[t]he price that [the] item can reasonably be expected to sell for on the open market in the particular geographic area involved" is at least as great as the tax-assessed value of $2,510. See Attia v. Social Sec. Admin., 88 Fed. Appx. 142, 144 (8th Cir. 2004) (affirming ALJ's determination that value of land exceeded $2,000 based on tax-assessed values and realtor's estimates, even though land ultimately sold for less than $2,000). Plaintiff also argues that, under 20 C.F.R. § 416.1244(b), the costs of completing a sale should be subtracted from the sale price and that the ALJ erred in failing to develop the record with respect to these costs. The regulation she cites applies to the valuation of proceeds after a property has been sold and is inapplicable to the present case.

## V. Conclusion

For the reasons discussed above, the Court finds that the Commissioner's decision is supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **affirmed**.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2014.